IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOSES PEREZ, )
)
)
      Plaintiff, )
) No. 04 CV 04705
      v. )
VISTA INTERNATIONAL ) HONORABLE DAVID H. COAR
(ILLINOIS) Inc., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Moses Perez is suing his former employer, Vista International (Illinois) Inc., for violating Tittle VII of the Civil Rights Act of 1964 by discriminating against him because of his national origin. Before the Court is the Defendant's Motion to Dismiss for Failure to Serve. For the reasons set forth below, the Defendant's Motion is Granted.

### I. FACTUAL BACKGROUND

Plaintiff worked at the Drake Hotel in Chicago, Illinois. On July 19, 2004, Plaintiff filed a complaint against "The Drake Hotel" as the defendant, alleging that he was discriminated against on the basis of his national origin. The Drake Hotel is an assumed name by which Vista International (Illinois) Inc. does business. The Defendant, Vista International (Illinois) Inc., is a corporation that retains United Corporate Services, Inc. as its registered agent in Illinois. On October 29, 2004, Plaintiff provided a complaint to an employee of the Drake Hotel. Defendant moved this Court alternatively for a dismissal or to quash service on the grounds that service to a low-level employee, as opposed to an officer, managing agent or general agent of the Defendant, did not constitute valid service under the Federal Rules of Civil Procedure. On

December 22, 2004, this Court granted the Defendant's motion to quash service. Thereafter, Plaintiff filed an amended complaint on January 19, 2005. On February 8, 2005, Plaintiff served a summons and a complaint on an individual who has no discernable relationship to either the Defendant or the Defendant's registered agent. Although Plaintiff's counsel has given a copy of the amended complaint to the Defendant's counsel, Defendant asserts that it has yet to be served the amended complaint. Defendant now moves for dismissal of the case for failure to serve pursuant to Federal Rule of Civil Procedure 12(b)(5).

**II.     ANALYSIS**

The requirements for valid service of process are contained within the Federal Rules of Civil Procedure. A plaintiff has 120 days after filing a complaint to serve a defendant. Fed.R.Civ.P. 4(m) (2005). If the plaintiff does not serve the defendant within the 120 days, Rule 4(m) instructs the court, upon motion or, if shown good cause, on its own initiative after notice to the plaintiff, to dismiss the action without prejudice as to that defendant or to direct that service be effected within a specified time. Fed.R.Civ.P. 4(m) (2005). To properly serve a defendant corporation, a plaintiff must comply with Federal Rule of Civil Procedure 4(h), which states that service may be 1) effectuated in a manner identical to how service is effected in courts of general jurisdiction pursuant to the law of the state where the district court sits or where service is to be effected, or 2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...."

Illinois law is relevant here because service was to be made in Springfield, Illinois. Under Illinois law, "a private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State;

or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals." 735 Ill. Comp. Stat. 5/2-204 (2005).

In the present case, Plaintiff filed an amended complaint on January 19, 2005. During the 120 days that followed, Plaintiff served a summons and a complaint to a woman named Diana Blackburn. According to the Defendant, who has produced sworn affidavits in support of its claim, Ms. Blackburn was not an officer, registered agent, general agent or even an employee of the Defendant, nor was she an employee of United Corporate Services, Inc., the Defendant's registered agent. Furthermore, the address shown on the return of service, 801 Adlai Stevenson Drive, Springfield, Illinois, was not the business address of United Corporate Services, Inc., as displayed on the website of the Secretary of State of Illinois. Since Ms. Blackburn has no relationship to either the Defendant or its registered agent, service upon her personally was of no use in effecting service on the Defendant for purposes of Rule 4.

Also, the fact that Plaintiff's counsel gave a copy of the amended complaint to Defendant's counsel does not mean valid service was accomplished. "An authorized agency does not arise through implication, rather it is intended to involve only actual, explicit authorization." Chico v. Miller, 05-C-3101, 2005 WL 2664856, at *4 (N.D.Ill. Oct. 19, 2005), citing Schultz v. Schultz, 436 F.2d 635, 637 (7th Cir.1971). United Corporate Services, Inc. was the Defendant's registered agent; appointed for the specific and sole purpose of receiving service of process. Thus, serving process to anyone other than an officer, a managing or general agent or registered agent of the Defendant was ineffective under Rule 4. Consequently, Plaintiff has not demonstrated how service of process was effected within the methods set out under federal or Illinois law.

A plaintiff who fails to serve the defendant within the 120 day deadline must demonstrate good cause for failing to adhere to the deadline before a court will grant an extension. 4B Wright & Miller, Fed. Prac. & Proc.: Civil 3d § 1137 (2002). The plaintiff bears the burden of demonstrating good cause. Id. Good cause is likely, though not certain, to be found when there is evidence that the defendant or a third party's conduct prevented plaintiff from effecting timely service. Id. Evidence of defendant's intentional evasion of service, faulty effort by the process server, and lack of prejudice to defendant by the delay are all factors that a court can consider in making a good cause determination. Id.; Geiger v. Allen, 850 F.2d 330 (7th Cir.1988); United States v. Fields, 703 F.Supp. 749 (N.D.Ill.1989). Furthermore, a good cause showing must be accompanied by evidence that plaintiff used "reasonable diligence" in attempting to serve defendant within 120 days. Bachenski v. Malnati, 11 F.3d 1371, 1377 (7 Cir.1993) (quoting Tso v. Delaney, 969 F.2d 37 3, 377 (7th Cir. 1992)).

In the present case, Defendant argues that it has not been served because it is a corporation and neither its registered agent, nor any of its officers, managing or general agents were provided a summons and a copy of the complaint. Defendant asserts that Plaintiff could have easily ascertained the registered agent's identity and location from the Secretary of State of Illinois' Office, and thus there is no evidence to support a good cause finding or any indication of reasonable diligence by Plaintiff in attempting to serve it within the 120 day period. The Defendant has not attempted to evade service. It is a domestic corporation duly registered in the State of Illinois. The return of service submitted to the Court shows that service was made upon Ms. Blackburn at an address other than the business address of the Defendant's registered agent. There is no evidence to indicate why the Plaintiff deviated from the address of the Defendant's registered agent from the Illinois Secretary of State's website or whether the deviation was

reasonable. Therefore, this Court must conclude that delivery to Ms. Blackburn at an address not ostensibly related to the Defendant or its registered agent was unreasonable.

Accordingly, there is no support for a determination of good cause.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted without prejudice.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated : **September 11, 20006**